UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-23650-GAYLES/OTAZO-REYES

**MARIA ELENA PEREZ**,

    Plaintiff,

v.

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY**,

    Defendant.
_____/

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY**,

    Counter and Third-Party Plaintiff,

v.

**MARIA ELENA PEREZ (I)**,

    Counter-Defendant and
    Cross-Claimant,

and

**MARIA ELENA PEREZ (II)**,

    Third-Party Defendant and
    Cross-Defendant on Crossclaim of
    Maria Elena Perez (I).
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Third-Party Defendant and Cross-Defendant Maria Elena Perez's Motion to Dismiss Plaintiff/Counter-Defendant and Cross-Claimant's Amended Cross Claim for Failure to State a Cause of Action Upon Which Relief Can be Granted

(the "Motion") [ECF No. 57]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

This action stems from an ongoing family dispute over the proceeds of two life insurance policies purchased from Midland National Life Insurance Company ("Midland") that insured the life of the decedent, Rolando A. Perez (the "Decedent"). Maria Elena Perez ("Perez I"), the Decedent's widow, and Maria Elena Perez ("Perez II"), the Decedent and Perez I's daughter, each claim to be the true beneficiary of the two life insurance policies.

### I. Factual Background

On November 21, 1999, Midland issued a life insurance policy insuring the Decedent's life for $97,000.00 (No. 1502342706) to the Decedent and Perez I as joint owners. On December 1, 1999, Midland issued a second life insurance policy insuring the Decedent's life for $390,000.00 (No. 1502344744) to the Decedent as sole owner (both policies collectively referred to as the "Policies"). On August 26, 2009, the Decedent and Perez I signed and delivered two Beneficiary Change Requests for the Policies to Midland, which Midland issued. The Beneficiary Change Requests named Perez I as primary beneficiary and Perez II as 50% contingent beneficiary.[2] On May 26, 2019, the Decedent passed away. On June 11, 2019, Perez I filed a claim with Midland for the proceeds of the Policies, along with a Proof of Death. Midland received Perez I's claim on June 12, 2019. On June 13, 2019, Perez II also filed a claim with Midland for the proceeds of the Policies, along with a Proof of Death.

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff/Counter-Defendant and Cross-Claimant Maria Elena Perez's allegations in the Amended Crossclaim as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that when reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).
[2] The remaining 50% was designated to a second daughter, who is not a party to this action. *See* [ECF No. 55 ¶¶ 6–7].

## II.     Procedural History

On August 1, 2019, Perez I filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Midland, seeking payment of $487,000.00 as the beneficiary of the Policies. [ECF No. 1-1]. On August 30, 2019, Midland removed the action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). [ECF No. 1]. On September 6, 2019, Midland filed its Answer and Affirmative Defenses, as well as a Third-Party Complaint for Interpleader against Perez I and Perez II. [ECF No. 4]. While it admitted its contractual liability in the amount of $487,000.00 under the Policies, Midland did not make payment because of the competing claims for the proceeds. *See, e.g.*, *id.* at 2 ¶ 6. On September 9, 2019, Perez I filed her Answer to the Interpleader action, as well as a Crossclaim against Perez II. [ECF No. 7]. On October 31, 2019, Perez II filed a Motion to Dismiss the Crossclaim, [ECF No. 24], which the Court granted in part on June 12, 2020, finding that the Crossclaim failed to comply with the pleading standards required under Federal Rule of Civil Procedure 8. [ECF No. 52].

On November 13, 2019, Midland filed a Motion to Deposit Funds into the Court Registry, [ECF No. 29], which the Court granted. [ECF No. 30]. On November 21, 2019, Midland deposited the disputed proceeds into the Court's Registry. [ECF Nos. 31 & 32]. On November 26, 2019, Midland filed a Motion for Judgment on the Pleadings, [ECF No. 33], which the Court granted on August 20, 2020, and discharged and dismissed Midland from this action. [ECF No. 71]. On June 18, 2020, Perez I filed an Amended Crossclaim laying claim to the proceeds of the Policies that Midland interpleaded. [ECF No. 55]. On July 3, 2020, Perez II filed the instant Motion, which is ripe for review.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

**DISCUSSION**

Perez II argues that the Amended Crossclaim should be dismissed because: (1) Perez I failed to attached the Policies to the Complaint, as required by Florida Rule of Civil Procedure 1.130; (2) the allegations in the Amended Crossclaim are not specific and are thus legally insufficient; and (3) the Amended Crossclaim fails to identify a specific cause of action. After determining whether jurisdiction exists, the Court addresses each issue in turn.

## I. The Court's Jurisdiction

The Court must first address its jurisdiction before proceeding on the merits. This action came before the Court on diversity grounds pursuant to 28 U.S.C. § 1332. [ECF No. 1]. Midland, as a foreign defendant, and Perez I and Perez II, as Florida residents, maintained diversity of citizenship and the amount in controversy exceeded $75,000.00. However, Midland has since been discharged and dismissed from this action. In her Amended Crossclaim, Perez I argues that the Court maintains jurisdiction over the action "because the Court has ancillary or supplementary

jurisdiction to determine claims regarding the funds that have been interpleaded pursuant to 28 U.S.C. [§] 1367(a) . . . ." [ECF No. 55 ¶ 1]. The Court agrees.

Where the Court has original jurisdiction over an action, the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ." 28 U.S.C. § 1367. Because the Court had jurisdiction over Midland's Interpleader action, it may retain jurisdiction over Perez I and Perez II's related claims to the proceeds from the Policies. *See Am. Nat'l Ins. Co. v. Hansen*, 8:17-cv-341-T-30JSS, 2017 WL 2348856, at *2 (M.D. Fla. May 30, 2017) ("[E]ven if discharging [the plaintiff] did divest the Court of its diversity jurisdiction, the Court would still have supplemental jurisdiction over the claimants' remaining claims." (citing 28 U.S.C. § 1367)). Here, the Amended Crossclaim relates to the original action removed from state court and the Court possesses the disputed funds from the Policies in its Registry. *Cf. Conlon v. Nw. Mut. Life Ins. Co.*, No. 13-CIV-81087, 2014 WL 1608371, at *5 (S.D. Fla. Apr. 22, 2014) (supplemental jurisdiction proper where "the proposed counterclaim [was] related to the main action in that it [arose] out of the same facts."). Moreover, to dismiss this case after discharging Midland "but before the adverse claimants had litigated their competing claims" "would lead to results wholly inconsistent with the policies underlying the interpleader remedy." *Hansen*, 2017 WL 2348856, at *2 (noting that dismissing the action after discharging the stakeholder would leave claimants "assert[ing] their claims in separate actions, once again exposing the stakeholder to numerous lawsuits and multiple liability."). Therefore, the Court finds it appropriate to exercise supplemental jurisdiction over the remaining claims in this action.

## II. Florida Rule of Civil Procedure 1.130 Does Not Apply

Perez II argues that Florida Rule of Civil Procedure 1.130 requires dismissal of the Amended Crossclaim because Perez I failed to attach the Policies or contracts in dispute. The Court disagrees. Florida Rule of Civil Procedure 1.130 requires that "[a]ll . . . contracts . . . or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a). However, "Rule 1.130 . . . is a procedural rule, not a substantive law." *Fed. Ins. Co. v. Delray Ocean Estates N., Inc.*, No. 05-CIV-80237, 2006 WL 8433695, at *3 (S.D. Fla. Oct. 30, 2006) (citing *Ferrero v. Assoc. Materials, Inc.*, 923 F.2d 1141, 1445–46 (11th Cir. 1991)). "Federal courts apply federal rules of procedure, not state procedural rules." *Id.*; *see also Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938) (requiring federal courts in diversity actions to apply the *substantive* law of the state in which it sits).

"Unlike the Fla. R. Civ. P. 1.130, there is no corresponding Federal Rule of Civil Procedure that requires a copy of the contract be attached to a complaint . . . ." *Williams v. Scottsdale Ins. Co.*, No. 19-CIV-60736, 2019 WL 7708504, at *2 (S.D. Fla. June 17, 2019) (citations omitted). Rather, Federal Rule of Civil Procedure 8 only requires "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . [, and] a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Here, Federal Rule of Civil Procedure 8 applies. *See Transcon. Ins. Co. v. L.F. Staffing Servs., Inc.*, No. 07-CIV-80865, 2008 WL 11333474, at *6 (S.D. Fla. Aug. 13, 2008) (Federal Rule of Civil Procedure 8(a) "'relates to the "practice and procedure" of the district courts' and therefore Rule [8(a)] is a procedural rule . . . ." (citations omitted)). Therefore, the Amended Crossclaim cannot be dismissed because Perez I failed to attach the Policies or contracts in dispute.

### III. Perez I's Amended Crossclaim Remains Insufficient

Perez II also argues that the Amended Crossclaim should be dismissed because it contains "bare-bone" factual allegations and fails to identify a specific cause of action. The Court finds that the Amended Crossclaim contains sufficient factual matter to plausibly support a claim for the funds at issue. Perez I identifies the Policies by number and the amount in dispute for each Policy. [ECF No. 55 ¶¶ 4–5]; *see also Williams*, 2019 WL 7708504, at *3 (plaintiff did not fail to state a claim where plaintiff identified the policy at issue by number). Moreover, Perez I and Perez II do not dispute which policies are at issue. Rather, they only dispute who should receive the proceeds of the identified Policies.

However, the Court finds that the Amended Crossclaim is deficient because it fails to identify a specific cause of action for which relief may be granted. *See* Fed. R. Civ. P. 8(a)(c). The Amended Crossclaim does not identify a specific cause of action—such as a request for declaratory or injunctive relief—or a prayer for relief. *See, e.g.*, *Schott v. Ierubino*, No. 08-CIV-61037, 2009 WL 790117, at *2 (S.D. Fla. Mar. 25, 2009) (amended complaint dismissed without prejudice because it lacked any request for relief); *Trapp v. Sanchez*, No. 08-CIV-22267, 2009 WL 1116357, at *2 (S.D. Fla. Apr. 24, 2009) (amended complaint dismissed without prejudice because it failed to comply with Federal Rule of Civil Procedure 8(a) where it did not include prayer for relief in the pleading). Instead, and in a conclusory fashion, Perez I states that she is entitled to the proceeds and that Perez II has no claim to the proceeds. [ECF No. 55 ¶¶ 13–14]. This is insufficient to meet the required pleading standards under Federal Rule of Civil Procedure 8; and, therefore, the Amended Crossclaim must be dismissed without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Third-Party Defendant and Cross-Defendant Maria Elena Perez's Motion to Dismiss Plaintiff/Counter-Defendant and Cross-Claimant's Amended Cross Claim for Failure to State a Cause of Action Upon Which Relief Can be Granted, [ECF No. 57], is **GRANTED**;

(2) Plaintiff/Counter-Defendant and Cross-Claimant Maria Elena Perez's Amended Crossclaim, [ECF No. 55], is **DISMISSED without prejudice**;

(3) Plaintiff/Counter-Defendant and Cross-Claimant Maria Elena Perez may request leave to file a second amended crossclaim within 20 days of this Order. Failure to do so will result in the Court dismissing this action *with prejudice*;[3] and

(4) Plaintiff/Counter-Defendant and Cross-Claimant Maria Elena Perez's Motion for Summary Judgment Regarding Claim to Interpleaded Proceeds, [ECF No. 44], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of August, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff/Counter-Defendant and Cross-Claimant Maria Elena Perez (Perez I) wishes to amend her Amended Crossclaim, she must request leave to file a seconded amended crossclaim in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").