**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-cv-23650-GAYLES/OTAZO-REYES**

**MARIA ELENA PEREZ**,

        Plaintiff,

v.

**MIDLAND NATIONAL LIFE**
**INSURANCE COMPANY**,

        Defendant.

_____

**MIDLAND NATIONAL LIFE**
**INSURANCE COMPANY**,

        Counter and Third-Party Plaintiff,

v.

**MARIA ELENA PEREZ (I)**,

        Counter-Defendant and
        Cross-Claimant,

and

**MARIA ELENA PEREZ (II)**,

        Third-Party Defendant and
        Cross-Defendant on Crossclaim of
        Maria Elena Perez (I).

_____/

**<u>AMENDED ORDER</u>**[1]

---

[1] This Amended Order clarifies the Court's initial Order, [ECF No. 71], in light of Defendant/Counter and Third-Party Plaintiff Midland National Life Insurance Company's Motion for Clarification, which seeks an express finding from the Court pursuant to Federal Rule of Civil Procedure 54(b). [ECF No. 80].

**THIS CAUSE** comes before the Court on Defendant/Counter and Third-Party Plaintiff Midland National Life Insurance Company's ("Midland") Motion for Judgment on the Pleadings as to Interpleader (the "Motion") [ECF No. 33]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

This action stems from a family dispute over who is the proper beneficiary of two life insurance policies insuring the life of the decedent, Rolando A. Perez. Maria Elena Perez ("Perez I"), Mr. Perez's widow, and Maria Elena Perez ("Perez II"), Mr. Perez and Perez I's daughter, each claim to be the true beneficiary of the two life insurance policies.

### I.        Factual Background[2]

On November 21, 1999, Mr. Perez and Perez I jointly purchased a life insurance policy from Midland, the insurer, insuring Mr. Perez's life for $97,000.00 (No. 1502342706); and on December 1, 1999, Mr. Perez purchased a second life insurance policy from Midland, insuring his life for $390,000.00 (No. 1502344744) (collectively, the "Policies"). On September 3, 2009, Midland received a Beneficiary Change Request form for both Policies, dated and signed on August 26, 2009, that reflected Perez I as 100% primary beneficiary, and Perez II as a 50% contingent beneficiary.[3] Midland provided an Endorsement of Change of Beneficiary to the Owners of the Policies, which confirmed Perez I as the primary beneficiary and Perez II as a contingent beneficiary.

---

[2] Perez I does not dispute the factual allegations detailed in the Motion and Perez II failed to respond to the Motion. As such, the Court accepts as true the factual allegations in the Motion, as well as those in Midland's Third-Party Complaint for Interpleader against Perez I and Perez II. [ECF No. 4].

[3] The remaining 50% is designated to a second daughter who is not a party to this action. *See* [ECF No. 33 at 4].

On May 29, 2019, Midland received notice that Mr. Perez died on May 26, 2019. On May 31, 2019, Mr. Perez's agent requested that Midland change the beneficiary address from Catalonia Avenue to Pizarro Street, which Midland did.[4] On June 4, 2019, Midland received a second call from Mr. Perez's agent and Perez I, stating that the change in address request was in error and Perez I expressed her belief that Perez II was attempting to claim the proceeds under the Policies. On June 12, 2019, Midland received a request for payment under the Policies from Perez I, who submitted a Proof of Death Claimant's Statement form and supporting documents. Perez II also contacted Midland on June 12, 2019, stating that Mr. Perez indicated to her that she was the beneficiary of a life insurance policy insuring his life. On June 13, 2019, Midland received a competing request for payment under the Policies from Perez II, as well as a Proof of Death Claimant's Statement form and supporting documents.

## II.     Procedural History

On August 1, 2019, Perez I filed her Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Midland, seeking payment of $487,000.00 as the beneficiary of the Policies. [ECF No. 1-1]. On August 30, 2019, Midland removed the action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). [ECF No. 1]. On September 6, 2019, Midland filed its Answer and Affirmative Defenses, as well as a Third-Party Complaint for Interpleader against Perez I and Perez II. [ECF No. 4]. While it admits its contractual liability in the amount of $487,000.00 under the Policies, Midland claims that it has not made payment because "it has received competing claims for the proceeds of the Policies from two individuals, both named Maria Elena Perez . . . ." *See, e.g., id.* at 2 ¶ 6. Midland further states that it is a disinterested stakeholder,

---

[4] According to Midland's Interpleader, Perez I resides on Catalonia Street and Perez II resides on Pizarro Street. [ECF No. 4 at 5 ¶¶ 2–3].

claims no interest in the proceeds to the Policies, and is indifferent as to who is entitled to the proceeds of the Policies. *Id.* at 9 ¶ 27.

On November 13, 2019, Midland filed a Motion to Deposit Funds in the Court Registry, [ECF No. 29], which the Court granted. [ECF No. 30]. On November 21, 2019, Midland deposited the disputed proceeds into the Court's Registry. [ECF Nos. 31 & 32]. On November 26, 2019, Midland filed the instant Motion pursuant to Federal Rules of Civil Procedure 12(c) and 22, seeking discharge from all further liability arising under the Policies and requesting attorney's fees related to litigating its interpleader action. Perez I responded to the Motion, [ECF No. 34], and Perez II did not.

## LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). The court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). If a material dispute of fact exists, "judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

A defendant "may seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a)(2). "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*,

4

21 F.3d 380, 383 (11th Cir. 1994). An interpleader action "allow[s] the contesting parties to have their rights determined in a court of equity so as to protect the [innocent stakeholder] from double liability, and to preserve the rights of any claimant to the fund[.]" *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1348–49 (S.D. Fla. 2010) (quoting *Johnson v. Johnson*, 139 F.2d 930, 933 (5th Cir. 1943)). "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (citing Fed. R. Civ. P. 22(a)(1)).

An interpleader action proceeds in two stages. The court must first determine "whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'" *Id.* (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). The court must then "evaluate[] 'the respective rights of the claimants to the interpleaded funds.'" *Id.* "A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *In re Mandalay Shores*, 21 F.3d at 383. The burden lies with "the party seeking interpleader to demonstrate that he is entitled to it, or more specifically, that he has been or may be subjected to adverse claims." *Ohio Nat'l Life Assurance Corp.*, 353 F. App'x at 248 (internal quotation marks omitted) (quoting *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974)).

## DISCUSSION

Because Midland's interpleader action is in the first stage, the Court must determine whether interpleader is proper and whether to discharge Midland as a disinterested stakeholder. Here, Perez I does not dispute the material facts alleged by Midland in its pleadings and does not

oppose discharging Midland from this action. However, Perez I disputes being "collaterally estopped from commencing or prosecuting any proceeding or claim against Midland arising out of or related to [the Policies] . . . , or arising out of the death of" Mr. Perez. *See* [ECF No. 33 at 9]. Perez I also opposes Midland's request for attorneys' fees and costs related to its interpleader action and the Motion. Because Perez II did not file a response to Midland's Motion, the Court finds that Perez II concedes the points in the Motion. *See Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Assoc., Inc.*, No. 16-CIV-22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (noting that a party who "fails to address [its] obligation to object to a point raised . . . implicitly concedes that point." (internal quotation marks and citations omitted)). The Court addresses each of Perez I's objections in turn.

## I.     Discharging Midland from the Action

Midland moves to be discharged from any further liability under the Policies and dismissed from this action. The Court finds that interpleader is proper and that discharging and dismissing Midland from this action is warranted. Midland filed the interpleader action based on disputed claims to the Policies' beneficiary proceeds by Perez I and Perez II. [ECF No. 35 at 6]; *see also* [ECF No. 4 ¶¶ 21 & 23]; *Reliastar Life Ins. Co. v. Knighten*, No. 504CV221OC10GRJ, 2005 WL 1309411, at *3 (M.D. Fla. June 1, 2015) (finding interpleader and discharge appropriate where plaintiff showed that three of the defendants filed claims for the proceeds). Midland admits its contractual liability under the Policies, *see, e.g.*, [ECF No. 4 at 9 ¶ 24; ECF No. 33 at 8], and deposited the disputed funds into the Court's Registry. *See* [ECF Nos. 31 & 32]. Therefore, Midland is no longer an interested stakeholder to the disputed funds from the Policies. Moreover, neither Perez I nor Perez II asserts independent claims against Midland beyond those related to the disbursement of the disputed funds from the Policies. *See Genworth Life Ins. Co. v. Reyes*, No. 12-

CIV-20959, 2013 WL 12140965, at *2 (S.D. Fla. Jan. 4, 2013), *report and recommendation adopted*, 2013 WL 12141335 (S.D. Fla. Jan. 29, 2013) (discharge appropriate where no independent claims were brought against the party bringing interpleader). *But see Am. Gen. Life Ins. Co. v. Logus Mfg. Corp.*, No. 10-CIV-81244, 2011 WL 13117083, at *1 (S.D. Fla. May 2, 2011) (discharge inappropriate where independent claim brought against the party bringing interpleader).

While Perez I does not object to Midland's "request[] [for] entry of a judgment dismissing it from this action," [ECF No. 34 at 2], Perez I objects to being collaterally estopped from bringing other actions against Midland related to the Policies or arising from Mr. Perez's death. Federal Rule of Civil Procedure 22, under which Midland brings its interpleader action, does not expressly provide for injunctive relief. *See* Fed. R. Civ. P. 22; *Reyes*, 2013 WL 12140965, at *2 ("Fed. R. Civ. P. 22 does not expressly provide for injunctive relief . . . ."). Nor does Midland sufficiently show that a preemptive, broad declaration of collateral estoppel is needed at this time. Therefore, the Court finds that Midlands's request for a blanket declaration of collateral estoppel is inappropriate here. *Cf. Reyes*, 2013 WL 12140965, at *3 ("Plaintiff's request that the Defendants be enjoined from asserting additional claims against [Plaintiff] related to the insurance policy should be denied without prejudice to renew, if appropriate.").

## II.     Midland's Request for a Final Judgment Pursuant to Fed. R. Civ. P. 54(b)

In the Motion and Midland's subsequent Motion for Clarification, [ECF No. 80], Midland seeks an express finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delaying either enforcement or appeal of the judgment. Initially, Perez I opposed the request in her Response to the Motion, [ECF No. 34], but did not file a response to the Motion for Clarification. Perez II failed to respond to either the Motion or the Motion for Clarification.

Rule 54(b) states in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "Ordinarily, . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (citation omitted). A judgment is thus "final" when the district court "properly certifies as 'final,' under Rule 54(b), a judgment on fewer than all claims or parties." *Id.* (citation omitted). The purpose of Rule 54(b) "is to codify the historic practice of prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments . . . ." *Barnett v. MacArthur*, 715 F. App'x 894, 899 (11th Cir. 2017) (per curiam) (citation and internal quotation marks omitted).

In determining whether an order is certifiable under Rule 54(b), the district court must engage in two-step analysis. *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1127 (11th Cir. 2018). First, the district court "must decide whether the order is both 'final' and a 'judgment.'" *Id.* (citing *Lloyd Noland Found., Inc.*, 483 F.3d at 777). Second, the district court must find "that there is 'no just reason for delay' in permitting the parties to appeal its decision immediately." *Id.* (quoting *Lloyd Noland Found., Inc.*, 483 F.3d at 777). As to the first prong, a judgment is "final" where it "disposes entirely of a separable claim or dismisses a party entirely . . . ." *Lloyd Noland Found., Inc.*, 483 F.3d at 779 (citations omitted). As to the second prong, "[t]he district court must act as a 'dispatcher' and exercise its discretion in certifying partial judgments in consideration of

'judicial administrative interests' . . . and 'the equities involved.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

The Court finds that the first prong is satisfied because by granting the Motion, Midland is being dismissed entirely from this action. Moreover, Midland deposited the disputed funds in the Court's registry and makes no claim to the funds. [ECF Nos. 31 & 32]. As to the second prong, the Court "is reluctant to give Midland a complete discharge of liability with prejudice . . . because the time for discovery has not yet run . . . ." *Midland Nat'l Life Ins. Co. v. Fredricksen*, No. 3:09cv198, 2009 WL 10674046, at *3 (N.D. Fla. Dec. 24, 2009) (citing *Tilley v. Barrs*, No. 5:08cv434, 2009 WL 2750991, at *2 (M.D. Ga. Aug. 25, 2009)). And, similar to the reasons for not making a broad, preemptive declaration of collateral estoppel, the Court cannot conclusive say that Perez I or Perez II could not bring other claims against Midland related to the Policies but not the disputed funds. *Id.*

Balancing judicial administrative interests and equitable concerns, the Court finds it appropriate to enter a final judgment pursuant to Rule 54(b) solely as to Midland's liability towards the disputed funds deriving from the Policies or claims that may arise from those funds. *See Fredricksen*, 2009 WL 10674046, at *3 ("[T]he court dismisses Midland without prejudice to other claims that may arise . . . , but Midland is completely discharged from any further liability regarding the deposited funds that represent the policy proceeds and any claim asserted, or which may be asserted, against those funds."); *Wachovia Bank, Nat'l Assoc. v. Ming Tien*, No. 04-CIV-20834, 2009 WL 10669111, at *5 (S.D. Fla. May 14, 2009) ("Balancing judicial administrative interests and equitable concerns, there is no just reason for delay in the Eleventh Circuit's review of [the court's] conclusions . . . , and review of these conclusions will not affect the disposition of or decisions regarding the Additional Funds."). Therefore, Midland is dismissed with prejudice

from this action solely as to the disputed funds or any claims that derive therefrom and there is no just reason for delaying either enforcement or appeal of the judgment. Midland is dismissed without prejudice to other claims that may arise from the Policies unrelated to the disputed funds.

### III.   Midland's Request for Attorney Fees

Federal Rule of Civil Procedure 22 does not explicitly provide an award for attorneys' fees and costs to a stakeholder bringing an interpleader action. *See State Farm Life Ins. Co. v. Mangan*, No. 09-CIV-61722, 2010 WL 3835012, at *2 (S.D. Fla. Sept. 30, 2010); Fed. R. Civ. P. 22. Nonetheless, "[i]t is well settled that district courts have the authority to award reasonable attorneys' fees and costs in interpleader actions." *Knighten*, 2005 WL 1309411, at *4. It is in the district court's discretion to award attorneys' fees and costs "to the [party] who initiates the interpleader as a mere disinterested stakeholder." *Great Am. Life Ins. Co. v. McLoughlin*, No. 13-CIV-60924, 2013 WL 12089957, at *2 (S.D. Fla. Aug. 2, 2013) (internal quotation marks omitted) (quoting *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986)); *Metro. Life Ins. Co. v. Carter*, No. 3:04-CV-668-J32HTS, 2005 WL 2810699, at *11 (M.D. Fla. Oct. 27, 2005)).

Attorneys' fees are justified in an interpleader action where: (1) the interpleader action yields a cost-efficient resolution of the dispute in a single forum; (2) the stakeholder comes by the assets innocently and does not in any way provoke the dispute; and (3) the fees for the stakeholder are minor and do not greatly diminish the value of the asset. *See In re Mandalay Shores*, 21 F.3d at 383; *Hassoun v. Reliastar Life Ins. Co.*, 288 F. Supp. 3d 1334, 1345–46 (S.D. Fla. 2018). However, where the stakeholder is an insurance company, such an award "is not warranted when the stakeholder's interpleader claim arises out of the normal course of business . . . ." *Mangan*, 2010 WL 3835012, at *3 (citing *In re Mandalay Shores*, 21 F.3d at 383; *Hauger v. John Hancock*

*Life Ins. Co., (U.S.A.)*, No. 8:07-CV-1711-T-EAJ, 2008 WL 341432, at *4 (M.D. Fla. Feb. 5, 2008)). This "normal-course-of-business standard" reasons that an insurance company:

> [A]vails itself of interpleader to resolve disputed claims to insurance proceeds— disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*In re Mandalay Shores*, 21 F.3d at 383. *But see id.* at 383 n.2 ("Courts have allowed fees in interpleader—even to insurance companies—'if the case involves disputes which do not ordinarily rise in the course of the insurance business . . . .'" (quoting *Minn. Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 619 (N.D. Ill. 1976))).

Here, Midland disagrees that this dispute arises in the normal course of business and argues that it "has become caught up in a family feud between [Perez I and Perez II], two individuals who share the exact same legal name and who have each made claims to the Policies . . . ." [ECF No. 35 at 6]. Midland seeks an award of $14,662.50 in attorney fees and $449.20 in costs. [ECF No. 35 at 6]. In evaluating the factors justifying awarding attorneys' fees, the Court finds that Midland's interpleader action will "yield[] a cost-efficient resolution" of Perez I and Perez II's dispute over the proceeds under the Policies. *In re Mandalay Shores*, 21 F.3d at 383. Notably, Midland did not file its interpleader action until well after it became aware of the dispute over the proceeds and Perez I filed her claim in state court. *Compare* [ECF No. 1-1] (Complaint filed on August 1, 2019), *and* [ECF No. 4 at 8–9 ¶¶ 22–23] (Midland learns of the competing claims on June 12, 2019, and June 13, 2019), *with* [ECF No. 4] (interpleader action filed on September 6, 2019). Moreover, Midland's request for attorneys' fees and costs is a relatively small amount in comparison to the $503,921.46 in dispute, which is comprised of $487,000.00 in benefits plus

$16,921.46 in interest at the time the funds were deposited in the Court's Registry. *See In re Mandalay Shores*, 21 F.3d at 383; [ECF No. 33 at 6].

The Court finds, however, that the attorneys' fees and costs incurred by Midland pursuant to its interpleader action is merely a part of its regular course of business in disbursing funds under the Policies. Though this action is somewhat peculiar because Perez I and Perez II share the same name, it is nothing more than a dispute between two parties over the proceeds of two life insurance policies. And, while Midland is an innocent stakeholder, it is nonetheless an insurance company in an action that is not "unique among matters routinely handled by [Midland], or is otherwise not in its normal course of business." *Campbell v. N. Am. Co. for Life & Health Ins.*, No. 3:04-CV-1118-J-TEM, 2007 WL 2209249, at *7 (M.D. Fla. July 30, 2007) (declining to exercise discretion to award attorneys' fees "where none are warranted under the law of the Eleventh Circuit."); *see also, e.g.*, [ECF No. 4 at 9 ¶ 25] ("Due to competing claims for the Proceeds, Midland cannot discharge its admitted liability under the Policies . . . ."). Therefore, Midland's request for attorneys' fees and costs related to the interpleader action and the instant Motion is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant/Counter and Third-Party Plaintiff Midland National Life Insurance Company's Motion for Judgment on the Pleadings as to Interpleader [ECF No. 33] is **GRANTED in part and DENIED in part**, as follows:

(1)  Midland National Life Insurance Company's Motion for Judgment on the Pleadings as to Interpleader [ECF No. 33] is **GRANTED in part**, and judgment is entered in favor of Midland National Life Insurance Company on its Counter and Third-Party Claims for Interpleader;

(2)     Midland National Life Insurance Company shall be **DISMISSED** as a party to this action;

(3)     Midland National Life Insurance Company's request for attorneys' fees and court costs related to this action is **DENIED**;

(4)     Midland National Life Insurance Company's Motion to Strike and Dismiss Portions of Maria Elena Perez (II)'s Verified Statement of Claims Against the Interplead Funds and Preliminary Request for Declaratory Relief, [ECF No. 60], is **DENIED as moot**;

(5)     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delaying either enforcement or appeal of this judgment; and

(6)     Midland National Life Insurance Company's Pretrial Motion, [ECF No. 64], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE