UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-23650-GAYLES/OTAZO-REYES

**MARIA ELENA PEREZ**,

    Plaintiff,

v.

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY**,

    Defendant.
_____/

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY**,

    Counter and Third-Party Plaintiff,

v.

**MARIA ELENA PEREZ (I)**,

    Counter-Defendant and
    Cross-Claimant,

and

**MARIA ELENA PEREZ (II)**,

    Third-Party Defendant and
    Cross-Defendant on Crossclaim of
    Maria Elena Perez (I).
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Third Party Defendant and Cross-Defendant on Crossclaim Maria Elena Perez (II)'s Emergency Motion for Temporary Injunction Where Ms.

Perez and Her 10 Year Old Son Will Suffer Immediate Irreparable Harm in 24 Hours and Before a Hearing for Preliminary Injunction can be Heard (the "Motion") [ECF No. 115]. The Court has reviewed the Motion and the record, heard oral argument on the Motion, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## BACKGROUND

This action stems from an ongoing family dispute over the proceeds of two life insurance policies purchased from Midland National Life Insurance Company[1] that insured the life of the decedent, Rolando A. Perez (the "Decedent"). Maria Elena Perez ("Perez I"), the Decedent's widow, and Maria Elena Perez ("Perez II"), the Decedent and Perez I's daughter, each claim to be the true beneficiary of the two life insurance policies. The Court has fully detailed the factual background of this action in previous Orders, which it reincorporates here. *See* [ECF Nos. 71 & 73].

**I.     The State Court Ejectment Action[2]**

This Motion stems from an ejectment action filed in state court on September 11, 2018. [ECF No. 117-1 at 1]. In that action, Perez I and Decedent sought to eject Perez II from a property on 1310 Pizarro Street, Coral Gables, Florida (the "Property"), where Perez II currently resides. *Id.* On January 14, 2020, Judge Beatrice Butchko of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, held that Perez I was entitled to possession of the Property and authorized the issuance of a Writ of Possession, pursuant to Florida Statute § 66.021(6). *Id.* at 7. On August 12, 2020, the Florida Third District Court of Appeal affirmed Judge Butchko's order per curiam.

---

[1] On August 20, 2020, the Court discharged and dismissed Midland from this action. [ECF No. 71], *amended by* [ECF No. 99].
[2] The relevant facts as to the state court ejectment action are taken from the instant Motion, [ECF No. 115], and Perez I's Memorandum in Opposition, [ECF No. 117].

*Perez v. Perez*, No. 3D20-0419, 2020 WL 4666558, at *1 (Fla. 3d DCA Aug. 12, 2020) (per curiam).

On November 10, 2020, Judge Butchko heard oral argument on Perez I's Motion for Issuance of Writ of Possession or Writ of Assistance, as well as Perez II's Emergency Motion to Stay the Issuance of Plaintiff's Writ of Possession. [ECF No. 117-2]. Judge Butchko granted Perez I's motion, denied Perez II's motion, and issued a Writ of Possession on the Property. *Id.* On November 30, 2020, Perez I served Perez II with a Notice of Eviction, and in response Perez II filed a Verified Emergency Motion to Stay Writ of Possession Due to COVID-19 Exposure. [ECF No. 117-3]. In her Emergency Motion, Perez II alleged that she was exposed to COVID-19 and noted the Centers for Disease Control and Prevention's (the "CDC") moratorium on evictions through December 31, 2020.

On December 7, 2020, Perez I filed an Emergency Motion to Direct Sheriff of Miami-Dade County to Proceed with Service of the Writ of Possession in this Ejectment Action and Prevent Further Abuse and Defendant's Request for Stay. [ECF Nos. 115-2 & 117-4]. On December 8, 2020, Judge Butchko determined that Perez II was not a covered person under the CDC's moratorium and ordered that the execution of the Writ of Possession proceed. *Id.* Perez I agreed to not proceed with executing the Writ of Possession for a period of five days from December 7, 2020. *Id.* On December 11, 2020, Perez II filed the instant Motion and filed a similar motion before Judge Butchko. *See* [ECF No. 117-5].

## II.     Procedural Background

On June 18, 2020, Perez I filed an Amended Crossclaim laying claim to the proceeds of the life insurance policies in dispute. [ECF No. 55]. On August 21, 2020, the Court dismissed without prejudice Perez I's Amended Crossclaim against Perez II. [ECF No. 73]. On November

3

16, 2020, Perez I filed her Second Amended Crossclaim against Perez II. [ECF No. 101]. On December 11, 2020, Perez II filed her Answer, Affirmative Defenses, and Counterclaim against Perez I bringing claims for: (1) declaratory judgment against the life insurance policies; (2) declaratory judgment against Mr. Perez's financial assets; (3) violation of the Florida Slayer Statute, Fla. Stat. § 732.802; (4) wrongful death; (5) tortious interference with expectation of inheritance; and (6) constructive trust and/or resulting trust. [ECF No. 114]. That same day, Perez II filed the instant Motion requesting a temporary injunction on processing the Writ of Possession. On December 14, 2020, the Court heard oral argument on the Motion. [ECF Nos. 116 & 118].

## DISCUSSION

In order to obtain a temporary or preliminary injunction, the party requesting the injunction must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam) (citations omitted). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

Before considering the merits of a Perez II's Motion, the Court must determine whether it has jurisdiction to consider the Motion or grant the requested relief. The Court finds that it does not. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per

curiam) (citation omitted). The doctrine, named for *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"*Rooker* and *Feldman* exhibit the limited circumstances in which [the U.S. Supreme Court's] appellate jurisdiction over state-court judgments . . . precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority . . . ." *Id.* at 291. The doctrine bars federal claims raised in the state court and claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (internal quotation marks omitted) (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

Here, Perez II argues that her counterclaim raises new claims never considered by the state court—specifically her claim under the Florida Slayer Statute, Fla. Stat. § 732.802—and, as such, the relief sought in her Motion is appropriately before this Court. While her Slayer Statute claim is newly raised, Perez II knew the underlying facts to that claim throughout the course of the state court ejectment action. Moreover, Perez II's Motion essentially asks this Court to find that Judge Butchko wrongly decided the issues before her. Granting the Motion is thus inevitably and

5

inextricably intertwined with Judge Butchko's rulings. Therefore, the *Rooker-Feldman* doctrine bars this Court's review of the Motion.[3]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Third Party Defendant and Cross-Defendant on Crossclaim Maria Elena Perez (II)'s Emergency Motion for Temporary Injunction Where Ms. Perez and Her 10 Year Old Son Will Suffer Immediate Irreparable Harm in 24 Hours and Before a Hearing for Preliminary Injunction can be Heard, [ECF No. 115], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 29th day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] At the conclusion of the hearing on the Motion, the Court rendered an oral ruling on the merits of the Motion and announced that this written Order would follow. But as the Court finds that it does not have jurisdiction to consider the merits of the Motion based on the *Rooker-Feldman* doctrine, they are not addressed here.