UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-23650-GAYLES/OTAZO-REYES

**MARIA ELENA PEREZ**,

    Plaintiff,

v.

**MIDLAND NATIONAL LIFE INSURANCE COMPANY**,

    Defendant.
_____/

**MIDLAND NATIONAL LIFE INSURANCE COMPANY**,

    Counter and Third-Party Plaintiff,

v.

**MARIA ELENA PEREZ (I)**,

    Counter-Defendant and
    Cross-Claimant,

and

**MARIA ELENA PEREZ (II)**,

    Third-Party Defendant and
    Cross-Defendant on Crossclaim of
    Maria Elena Perez (I).
_____/

**ORDER**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. For the reasons that follow, and pursuant to its discretion under 28 U.S.C. § 1367(c), the Court declines to

continue exercising subject matter jurisdiction over the claims in this action. Accordingly, this action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## BACKGROUND

This action stems from an ongoing family dispute over the proceeds of two life insurance policies purchased from Midland National Life Insurance Company ("Midland") insuring the life of the decedent, Rolando A. Perez (the "Decedent"). Maria Elena Perez ("Perez I"), the Decedent's widow, and Maria Elena Perez ("Perez II"), the Decedent and Perez I's daughter, each claim to be the true beneficiary of the two life insurance policies.

### I.   Factual Background

On November 21, 1999, Midland issued a life insurance policy insuring the Decedent's life for $97,000.00 (No. 1502342706) to the Decedent and Perez I as joint owners. On December 1, 1999, Midland issued a second life insurance policy insuring the Decedent's life for $390,000.00 (No. 1502344744) to the Decedent as sole owner (both policies will be collectively referred to as the "Policies"). On August 26, 2009, the Decedent and Perez I signed and delivered two Beneficiary Change Requests for the Policies to Midland, which Midland issued. The Beneficiary Change Requests named Perez I as primary beneficiary and Perez II as 50% contingent beneficiary.[1] On May 26, 2019, the Decedent passed away. On June 11, 2019, Perez I filed a claim with Midland for the proceeds of the Policies, along with a Proof of Death. Midland received Perez I's claim on June 12, 2019. On June 13, 2019, Perez II also filed a claim with Midland for the proceeds of the Policies, along with a Proof of Death.

---

[1] The remaining 50% was designated to a second daughter, who is not a party to this action. *See* [ECF No. 55 ¶¶ 6–7].

## II.     Procedural History

On August 1, 2019, Perez I filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Eleventh Judicial Circuit"), against Midland, seeking payment of $487,000.00 as the beneficiary of the Policies. [ECF No. 1-1]. On August 30, 2019, Midland removed the action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). [ECF No. 1]. On September 6, 2019, Midland filed its Answer, Affirmative Defenses, and Interpleader action against Perez I and Perez II. [ECF No. 4]. On September 9, 2019, Perez I filed her Answer to Midland's Interpleader action, as well as a Crossclaim against Perez II. [ECF No. 7]. On October 31, 2019, Perez II filed a Motion to Dismiss the Crossclaim, [ECF No. 24], which the Court granted in part on June 12, 2020, finding that the Crossclaim failed to comply with the pleading standards required under Federal Rule of Civil Procedure 8. [ECF No. 52]. On November 13, 2019, Midland filed a Motion to Deposit Funds into the Court Registry, [ECF No. 29], which the Court granted, [ECF No. 30]. On November 21, 2019, Midland deposited the disputed proceeds into the Court's Registry. [ECF Nos. 31 & 32]. On November 26, 2019, Midland filed a Motion for Judgment on the Pleadings, [ECF No. 33], which the Court granted on August 20, 2020, and discharged and dismissed Midland from this action, [ECF No. 71], *as amended by* [ECF No. 99].

On June 18, 2020, Perez I filed an Amended Crossclaim laying claim to the proceeds of the Policies in the Court's Registry. [ECF No. 55]. On August 21, 2020, the Court dismissed without prejudice Perez I's Amended Crossclaim against Perez II. [ECF No. 73]. On November 16, 2020, Perez I filed her Second Amended Crossclaim against Perez II. [ECF No. 101]. On December 11, 2020, Perez II filed her Answer, Affirmative Defenses, and Counterclaim against Perez I, bringing claims for: (1) declaratory judgment against the life insurance policies (Count I); (2) declaratory judgment against the Decedent's financial assets (Count II); (3) violation of the

Florida Slayer Statute, Fla. Stat. § 732.802 (Count III); (4) wrongful death (Count IV); (5) tortious interference with expectation of inheritance (Count V); and (6) constructive trust and/or resulting trust (Count VI). [ECF No. 114].

## LEGAL STANDARD

Where a district court has original jurisdiction over an action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim" if: (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c). Thus, "[d]etermining whether the Court has supplemental jurisdiction over state law claims entails a two-step inquiry where the Court must first determine whether it can exercise its supplemental jurisdiction and then whether it *should* exercise that jurisdiction." *Ariza v. Walters & Mason Retail, Inc.*, --- F. Supp. 3d ---, No. 20-CIV-25047, 2021 WL 354187, at *4 (S.D. Fla. Feb. 1, 2021) (emphasis added) (citation and internal quotation marks omitted).

"Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000) (per curiam)); *see also Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 537 (11th Cir. 2015) ("[O]nce a district court possesses discretion to dismiss the supplemental claims, it must be continuously

4

mindful regarding whether or not the factors favor dismissal."). This is true even where the district court has exercised supplemental jurisdiction over state law claims. *See Pinkert v. Schwade*, No. 11-CIV-23324, 2012 WL 3962386, at *1 (S.D. Fla. Sept. 10, 2012) ("Though a district court has exercised supplemental jurisdiction over state law claims, the court may decline to continue exercising jurisdiction over those claims . . . ." (citation omitted)). Moreover, "[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)); *see also West v. City of Albany*, 830 F. App'x 588, 596 (11th Cir. 2020) (per curiam) (noting that a "district court's decision to either retain or reject" supplemental jurisdiction over state law claims is "purely discretionary" and "not a jurisdictional matter." (citation omitted)).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney*, 370 F.3d at 1089. A district court may opt to remand state law claims to state court where no basis for federal jurisdiction presently exists. *See Pinkert*, 2012 WL 3962386, at *1 (citation omitted). As announced in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), a district court should consider the factors of judicial economy, convenience, fairness, and comity before doing so. *West*, 830 F. App'x at 597 (citations omitted). The *Gibbs* factors "may, by their presence or absence, influence the court in its decision concerning the exercise of such discretion" to retain or reject supplemental jurisdiction. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994).

**ANALYSIS**

This action originally came before the Court on diversity grounds pursuant to 28 U.S.C. § 1332. [ECF No. 1]. Midland, as a foreign defendant, and Perez I and Perez II, as Florida residents,

5

maintained diversity of citizenship and the amount in controversy exceeded $75,000. However, the Court has since discharged and dismissed Midland from this action. [ECF No. 71], *as amended by* [ECF No. 99]. The Court then exercised supplemental jurisdiction over Perez I and Perez II's competing claims for the proceeds in the Court's Registry. [ECF No. 73 at 4–5]. In doing so, the Court had a limited record that included, in relevant part, Perez II's Verified Statement of Claims Against the Interplead Funds and Preliminary Request for Declaratory Relief, [ECF No. 56], and Perez I's Second Amended Crossclaim against Perez II, [ECF No. 73]. Perez II has since filed her Counterclaim against Perez I, which greatly expands the scope of the dispute beyond the limited question of how to distribute the funds in the Court's Registry. *See* [ECF No. 114]. After considering the § 1367(c) factors and the *Gibbs* factors, which weigh in favor of remand, the Court declines to continue exercising subject matter jurisdiction over the claims in this action.

"Any one of the factors listed in § 1367(c) is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Sutherland v. Glob. Equip. Co., Inc.*, 789 F. App'x 156, 161 (11th Cir. 2019) (per curiam) (citing *Ameritox, Ltd.*, 803 F.3d at 532). Here, all the claims raised in Perez I's Second Amended Crossclaim and Perez II's Counterclaim are state law claims.[2] *See* [ECF No. 101]; [ECF No. 114]. Properly distributing the disputed funds will first require the Court to consider the merits of the allegations in Perez II's Counterclaim as to the circumstances of the Decedent's death, the applicability of Florida's Slayer statute, and a host of

---

[2] Both Perez I and Perez II seek a declaratory judgment as to the disputed funds or to the Decedent's financial assets. *See* [ECF No. 101 at 5]; [ECF No. 114 at 18–20]. However, "[a]n action under the Declaratory Judgment Act[] does not, of itself, confer jurisdiction upon the federal courts . . . ." *Sellers v. Nationwide Mut. Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (internal quotation marks omitted) (quoting *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)). Therefore, a party "must still assert an underlying ground for federal court jurisdiction," *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020) (citation and internal quotation marks omitted), "such as the existence of diversity or the presentation of a federal question," *Sellers*, 968 F.3d at 1273 (citation omitted). *See also* 28 U.S.C. § 2201(a) (permitting district courts to enter declaratory judgments in "case[s] of actual controversy within [their] jurisdiction . . . ."). Diversity no longer exists in this action and neither party has presented a federal question.

guardianship and probate issues. However, "[f]ederal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox, Ltd.*, 803 F.3d at 540. This is because "[s]tate courts, not federal courts, should be the final arbiters of state law in our federalist system." *Id.* (citations and internal quotation marks omitted). *See also Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Because neither party raises a federal claim and the Court is without diversity jurisdiction, *see* [ECF No. 71], the Court may exercise its discretion to no longer exercise supplemental jurisdiction, 28 U.S.C. § 1367(c)(3).

Moreover, the *Gibbs* factors support the Court declining to exercise supplemental jurisdiction and remanding this action. As to comity, Perez I's Second Amended Crossclaim and Perez II's Counterclaim consist entirely of state common law and statutory causes of action that are more appropriately resolved by a Florida state court. *Pinkert*, 2012 WL 3962386, at *2; *see also Ameritox, Ltd.*, 803 F.3d at 540 ("State courts, not federal courts, should be the final arbiters of state law in our federalist system." (citations and internal quotation marks omitted)). Moreover, remanding this action to the Eleventh Judicial Circuit—where this case originated—will not inconvenience or be unfair to the parties, who are both located in Miami-Dade County and who have heavily litigated related issues in that forum. *See, e.g.*, [ECF No. 123 at 2–3] (detailing the parties' litigation of a related state court ejectment action). *See also Pinkert*, 2012 WL 3962386, at *2 ("Due to this Court's physical proximity to the Eleventh Judicial Circuit, remanding the case to the state courthouse would not impose a hardship on the parties that is any greater than what they already bear by litigating in this Court.").

As to judicial economy, the issues that the parties have litigated before this Court include: (1) discharging and dismissing Midland; (2) distributing the undisputed portions of the funds from the Court's Registry; (3) resolving pleading issues as to Perez I's Crossclaim; and (4) issues unrelated to the disputed funds in the Court's Registry. *See, e.g.*, [ECF No. 71], *as amended by* [ECF No. 99]; [ECF No. 73]; [ECF No. 77]; [ECF No. 123]. While Perez I and Perez II have since engaged in motion practice, none of the issues raised in Perez I's Second Amended Crossclaim or Perez II's Counterclaim have been argued before this Court and discovery is still in its early stages. *Cf. Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) ("Having a state court rehash issues that have already been argued in federal court is far more likely to cause multiplicity in litigation . . . ."). Additionally, having these issues—and related issues that continue to surface—litigated in one forum, as opposed to both state and federal court, will ensure judicial economy of both forums' resources. Therefore, the *Gibbs* factors further support the Court declining to exercise supplemental jurisdiction and remanding this action to the Eleventh Judicial Circuit.

## CONCLUSION

Because this case originated in state court, the proper action is to remand this case to the Eleventh Judicial Circuit. *See Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 109 (11th Cir. 2006) (per curiam) ("Only in those cases where an action originated in state court and was later removed to federal court should a federal court remand the case back to the state court.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **REMANDED** in its entirety to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk is directed to transfer the funds in the Court's Registry to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 20th day of April, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE